

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 2 4 2009

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA      §
                              §
VS.                           §   NO. 4:09-CV-491-A
                              §   (NO. 4:08-CR-029-A)
                              §
ROBERT LEE EARL               §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on to be considered the motion of movant, Robert Lee
Earl, under 28 U.S.C. § 2255 to vacate, set aside, or correct
sentence.[1]  Having reviewed the motion, the government's
response, the record, and applicable legal authorities, the court
concludes that the motion should be denied.

I.

<u>Background</u>

On March 28, 2008, movant pleaded guilty to one count of
bank robbery in violation of 18 U.S.C. § 2113(a). On July 11,
2008, this court sentenced movant to 96 months' imprisonment with
the Bureau of Prisons, to be followed by a three-year term of
supervised release. The Fifth Circuit on February 19, 2009,
dismissed movant's direct appeal as frivolous. <u>United States v.
Earl</u>, 311 F. App'x 705 (5th Cir. Feb. 18, 2009). Movant timely
filed the instant motion seeking relief under 28 U.S.C. § 2255.[2]

_____

[1]Movant refers to himself as "petitioner." Consistent with the language of 28 U.S.C. § 2255, the court instead uses the term "movant."

[2]Any outstanding motions filed in conjunction with movant's motion pursuant to § 2255 not specifically ruled on are hereby denied as moot.

II.

## Grounds of the Motion

Movant raises four grounds in his motion: ineffective assistance of counsel due to (1) failure of counsel to investigate and object to Pre-Sentence Report or present mitigating evidence, leading to an unreasonable sentence; (2) failure to investigate and present a defense as to his unknowing waiver of Miranda rights; (3) failure to investigate and present evidence that movant is bipolar and suffers from depression, thus rendering his guilty plea unknowing and involuntary; and (4) conviction obtained by use of coerced confession because counsel failed to investigate and present evidence that defendant was bipolar.

III.

## Applicable Standard

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). "A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude." Shaid, 937 F.2d at 232 (internal citations omitted). Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries

2

that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

IV.

Analysis

Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim after entering a plea of guilty, movant must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs must be satisfied to demonstrate counsel's ineffective assistance. Id. at 687. In determining whether counsel's conduct was objectively unreasonable, the court is highly deferential to counsel's decisions, and the movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (2000).

Movant contends that his counsel was ineffective due to his failure to investigate and present evidence of his bipolar disorder and failure to object to the Pre-Sentence Report, leading to an enhancement and an unreasonable sentence. Contrary

3

to movant's assertions, evidence of his history of mental illness
was brought to the court's attention initially at his
rearraignment, and again at sentencing. The court questioned
movant and his attorney concerning movant's mental condition and
his understanding of the proceedings, and was satisfied that
movant was "competent and capable of entering an informed plea. .
. ." Rearraignment Tr. at 13-16, 25. Additionally, at
sentencing, movant's attorney offered an exhibit consisting of
records showing movant's history of psychological problems and
treatment, and competency determinations. Sentencing Tr. at 5-6.
Counsel also objected to the court's upward departure, and argued
at length against that decision, largely on the basis of movant's
history of mental illness. Id. at 7-9. The court considered
counsel's objections but explained its upward departure as part
of its consideration of all of the factors under 18 U.S.C. §
3553. The record of the sentencing hearing demonstrates that the
court, in its discretion under U.S. Sentencing Guideline
4A1.3(a)(1), and "[g]oing through the procedure that is
recommended for determining what an appropriate upward departure
would be under the advisory guideline range," Sentencing Tr. at
12, moved incrementally across the sentencing table to Criminal
History Category VI, which the court concluded more accurately
represented movant's criminal history. Counsel's failure to
persuade the court to abandon the upward departure does not
render his representation ineffective. See Youngblood v. Maggio,
696 F.2d 407, 410 (5th Cir. 1983). Accordingly, movant is unable

4

to establish either of the <u>Strickland</u> factors to prove ineffective assistance of counsel as to this claim.

Movant claims his waiver of <u>Miranda</u> rights was also unknowing and involuntary, and that again, his counsel failed to investigate and present evidence of his bipolar disorder to support such a claim. As discussed <u>supra</u>, counsel presented evidence of movant's history of mental illness to the court for its consideration. Further, the Pre-Sentence Report reflects that following his arrest for bank robbery, movant gave law enforcement agents logical, detailed statements concerning his actions. Movant points to no evidence whereby the court might conclude that the waiver of his <u>Miranda</u> rights was anything other than knowing and voluntary. Further, regardless of whether movant knowingly and voluntarily waived his <u>Miranda</u> rights, he was not convicted on the basis of his confession obtained following the waiver. Rather, all of the facts pertaining to the crime to which movant pleaded guilty were read at movant's rearraignment, and when asked by the court if the facts were true, movant answered "Yes, Your Honor." Rearraignment Tr. at 25. Movant has failed to prove either of the <u>Strickland</u> factors as to this claim.

Movant claims that his attorney's failure to investigate and present evidence of his bipolar disorder, and the court's failure to determine if he was taking his medication during the plea hearing, rendered his guilty plea unknowing and involuntary. For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its

consequence." <u>United States v. Hernandez</u>, 234 F.3d 252, 255 (5th Cir. 2000)(internal quotations and citations omitted). However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." <u>Id.</u> (internal citations omitted). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." <u>Ables v. Scott</u>, 73 F.3d 591, 592 n.2 (5th Cir. 1996)(internal quotations omitted). The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. <u>Deville v. Whitley</u>, 21 F.3d 654, 659 (5th Cir. 1994).

The record here squarely contradicts movant's claim. At his rearraignment, movant waived the reading of the indictment, Rearraignment Tr. at 17, and testified that: he understood that he was subject to a term of imprisonment of twenty years, a three-year term of supervised release, and payment of a $250,000 fine and special assessment of $100, <u>id.</u> at 20-21; the factual resume was true, he had committed each element of the offense, <u>id.</u> at 18-19, and he had read, understood, and discussed it with

his attorney before signing, id. at 17-18. As discussed supra, the record reflects that the court questioned movant about his mental condition during the rearraignment hearing, and movant expressly affirmed to the court that he "was of sound mind in the sense that [he knew] exactly what [he was] doing." Id. at 16. The record is clear that movant understood the direct consequences of his plea, and that the court satisfied itself that he had sufficient mental capacity to enter a guilty plea.  Movant's claim of ineffective assistance of counsel on this ground is without merit.

Finally, movant claims that his conviction was obtained by use of a coerced confession because counsel failed to investigate and present evidence that defendant was bipolar. The court has fully addressed movant's contention that defendant failed to present evidence of his bipolar disorder and thus finds no need to cover that ground again. Movant's claim also fails because his confession was not used to convict him. A defendant who pleads guilty

> is convicted on his counseled admission in open court that he committed the crime charged against him. The prior confession is not the basis for the judgment, has never been offered in evidence at a trial, and may never be offered in evidence.

McMann v. Richardson, 397 U.S. 759, 773 (1970). Movant's claim of coerced conviction is without merit.

Movant does not allege, and has failed to prove, that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to

trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Accordingly, movant has adduced nothing that would overcome the strong presumption that his attorney's conduct fell within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 687-689.

Therefore,

The court ORDERS that the motion of Robert Lee Earl to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED November 24, 2009.

_____
JOHN McBRYDE
United States District Judge